IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nathaniel Gold, | C/A No.: 5:13-3353-JMC-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Chief Michael Smalls, Jr., SMPD; Cpt. Andrew G. Hayes, SMPD; Sgt. Rosalyn W. Jones, SMPD; Cpl. Edgar D. Williams, SMPD; Ptl. Austin Arant, SMPD; Sheriff Thomas Summers, CCSO; and Major Tim Stevens, CCSO, | |
| Defendants. | |

Plaintiff Nathaniel Gold, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges a violation of his constitutional rights by employees of the St. Matthews Police Department ("SMPD") and Calhoun County Sheriff's Office ("CCSO") (collectively "Defendants"). [Entry #1 at 2]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.   Factual and Procedural Background

Plaintiff alleges that SMPD officers and CCSO deputies "executed an illegal and unconstitutional search" of his residence on May 10, 2012. [Entry #1 at 3]. Plaintiff

asserts that St. Matthews Police Chief Michael Smalls claimed to have four warrants for Plaintiff's arrest and a warrant to search the home, but no warrants were produced for Plaintiff's inspection. *Id.* Plaintiff claims that Cpt. Andrew Hayes "left the scene for about 45 minutes to an hour" and returned with copies of warrants for Plaintiff's arrest on charges of assault third degree and pointing and presenting a firearm. *Id.* at 4. Hayes allegedly served Plaintiff with a copy of the search warrant and with a warrant for "trafficking over 100 grams/less than 200 gram of cocaine" prior to his bond hearing on May 11, 2012. *Id.* at 4. Hayes also purportedly charged Plaintiff with "distribution of crack cocaine" at the bond hearing. *Id.* at 5. Plaintiff claims the drug charges, which stem from a substance found during the search of his residence, were "made up . . . to have [Plaintiff] denied bond." *Id.* at 4–5. Plaintiff seeks monetary damages for the allegedly illegal search and false arrests, which he claims resulted in his detention for one year and in a three-year sentence at the South Carolina Department of Corrections. *Id.* at 6. Plaintiff also alleges Defendants seized $1,078 in property at the time of arrest. *Id.*

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the

complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1. Insufficient factual allegations

A plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). Further, Fed. R. Civ. P. 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although the court must liberally construe a pro se pleading, the Unites States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the pleading must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the pleading's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. In the instant complaint, Plaintiff provides no specific factual allegations to demonstrate a violation of his constitutional rights by Sgt. Rosalyn W. Jones, Cpl. Edgar D. Williams, Ptl. Austin Arant, Sheriff Thomas Summers, and Major Tim Stevens. Therefore, these defendants are entitled to summary dismissal from this case.

2. False arrest and illegal search associated with drug charges

To the extent Plaintiff seeks monetary damages for Defendants' alleged illegal search of his home and his arrest for trafficking and distribution of cocaine in May 2012, such claims are also subject to summary dismissal. In *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly

4

question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated.[1]  Plaintiff indicates that he has been sentenced to three years of incarceration for drug charges associated with the search of his residence. [Entry #1 at 6].[2] A favorable determination on the merits of Plaintiff's claims in this § 1983 action would require a finding that his imprisonment is invalid, and Plaintiff provides no facts to demonstrate that he has successfully challenged the drug convictions.  Therefore, Plaintiff's claims associated with Defendants' search of his residence and arrest of Plaintiff for drug offenses are subject to summary dismissal.

       3.      False arrest for assault/pointing and presenting a firearm

This is the second § 1983 action filed by Plaintiff in this court alleging false arrest for charges of assault and pointing and presenting a firearm on May 10, 2012. *See Gold v. Hayes*, C/A No. 5:13-2720-JMC-SVH (D.S.C. Oct. 8, 2013) ("*Gold I*").[3]  A district court may take judicial notice of materials in the court's own files from prior proceedings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)

---

[1] The rule in *Heck* does not apply to claims of false arrest in the pre-conviction context, where criminal charges are still pending. *See Wallace v. Kato*, 549 U.S. 384, 939 (2007).

[2] Online records for Calhoun County reflect that Plaintiff entered a guilty plea in the Calhoun County Court of General Sessions on May 7, 2013, to the offense of trafficking cocaine.  The drug offense stems from Plaintiff's May 2012 arrest and resulted in the imposition of a three-year sentence of incarceration.  *See* Calhoun County Public Index, http://publicindex.sccourts.org/Calhoun/PublicIndex//PISearch.aspx (last visited Dec. 27, 2013).

[3] In *Gold I*, Plaintiff named Cpt. Andrew Hayes, Ofc. Austin Arant, and Ofc. Rosalyn W. Jones as defendants.

(noting that the most frequent use of judicial notice is in noticing the content of court records); *Fletcher v. Bryan*, 175 F.2d 716, 717 (4th Cir. 1949). Because the instant complaint's allegations associated with Plaintiff's false arrest for assault and firearm offenses are being addressed by this court in Plaintiff's pending § 1983 action, these duplicate claims should be summarily dismissed in the interests of judicial economy and efficiency. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time.").

        4.     Seizure of property

Plaintiff asserts that Defendants seized $1,078 at the time of his arrests. [Entry #1 at 6]. The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. However, the Due Process Clause is not implicated by a negligent act of a governmental official causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327 (1986); *Pink v. Lester,* 52 F.3d 73, 75 (4th Cir. 1995). Moreover, an intentional deprivation of property by a governmental employee does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Mora v. City of Gaithersburg, MD*, 519 F.3d 216, 230–31 (4th Cir. 2008) (concerning the intentional taking of guns and ammunition); *Bogart v. Chapell,* 396 F.3d 548, 561–63 (4th Cir. 2005) (finding that intentional destruction of a plaintiff's animals did not violate

the due process clause because South Carolina afforded a meaningful post-deprivation remedy for such loss).

In South Carolina, a prisoner may bring an action for recovery of personal property against officials who deprive them of property without state authorization. *See McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. § 15-69-10). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." *Id.* (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)). As Plaintiff has an adequate state remedy available to address Defendants' alleged seizure of his property, this claim is subject to summary dismissal.

III.     Conclusion and Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

December 30, 2013
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).